**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LEE PRESTON LUNDY,** : | |
|     **Plaintiff** : | |
| : | **CIVIL ACTION** |
| : | |
| : | |
| **v.** : | |
| : | |
| **CITY OF PHILADELPHIA,** : | |
|     **Defendant** : | |
| **&** : | |
| **PHILADELPHIA POLICE OFFICER** : | |
| **ROBERT BONDS JR.,** : | |
|     **Defendant** : | |
| **&** : | |
| **PHILADELPHIA POLICE COMMISSIONER,** : | |
| **DANIELLE M. OUTLAW,** : | |
|     **Defendant** : | |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, specifically brought under 42 U.S.C. Section 1983 and raising supplemental state law claims concerning the actions of Defendant, Philadelphia Police Officer Robert Bonds Jr., arresting the Plaintiff, Lee Preston Lundy and charging him with Megan's Law Failure to Register, 18 Pa.C.S.A. Section 4915(a)(1), Megan's Law Failure to Verify, 18 Pa.C.S.A. Section 4915(a)(2), and Megan's Law Failure to Provide, 18 Pa.C.S.A. Section 4915(a)(3) without probable cause. The actions and conduct of Defendant Bonds are the result of a policy, practice, custom and deliberate indifference on

the part of Defendants, City of Philadelphia and Philadelphia Police Commissioner, Danielle M. Outlaw.

**JURISIDICTION**

2. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. Section 1331, 1332, 1343(a)(3), 1343(a)(4) and 1367(a), and venue is properly set in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391.

3. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

4. On information and belief, it is alleged that each of the named Defendants reside in Pennsylvania.

**PLAINTIFF**

5. The Plaintiff, Lee Preston Lundy, is a citizen and resident of Philadelphia, Pennsylvania.

6. The Defendant, Philadelphia Police Officer Robert Bonds Jr., is a citizen and resident of Philadelphia, Pennsylvania, acting in his capacity as a Police Officer employed by the City of Philadelphia and was at all times acting under color of state law. He is sued in his individual and official capacity.

7. The Defendant, Philadelphia Police Commissioner, Danielle M. Outlaw, is a citizen and resident of Philadelphia, Pennsylvania, employed by the City of Philadelphia, and as the Philadelphia Police Commissioner at all time relevant to the *case sub judice* acted under color of state law. He is sued in his individual capacity.

-1-

8. The City of Philadelphia owns, operates manages, directs and controls the Philadelphia Police Department, which employs Defendants, Police Officer Bond and Commissioner Outlaw.

9. Defendant City of Philadelphia established or delegated to the Defendant, Police Commissioner Danielle M. Outlaw, the responsibility of establishing the implementation of policies, the practices, procedures, or customs used by all Philadelphia Police Officers, including Defendant, Police Officer Robert Bonds Jr., regarding the determination of probable cause for arrest.

10. Each and all of the acts of the individual Defendants involved I this incident performed under the color and pretense of the Constitution, statutes, ordinances, regulations, customs and uses of the United States of America, Commonwealth of Pennsylvania and City of Philadelphia were under the color of law and by virtue of their authority of law enforcement officers in the course and scope of their employment with the Philadelphia Police Department.

**FACTUAL ALLEGATIONS**

11. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-10.

12. On October 6, 2022, the Defendant, Philadelphia Police Officer Robert Bonds Jr., arrested the Plaintiff, Lee Preston Lundy, and charged him with Failure to Comply with Registration of Sex Offender Requirements, 18 Pa.C.S.A. Section 4915(a)(1), (F2), Failure

to Verify Address or Photographed as Required, 18 Pa.C.S.A. Section 4915(a)(2), (F2), and Failure to Provide Accurate Information, 18 Pa.C.S.A. Section 4915(a)(3), (F2), case docketed at **Commonwealth v. Lee Lundy,** MC-51-CR-0017456-2022.

13. Bail was set at $25,000.00, ten percent.

14. At the time of Plaintiff's arrest by Defendant Bonds, he had no convictions for any offenses covered by the Pennsylvania Sexual Offender Registration and Notification Act, SORNA, therefore there was zero evidence supporting probable cause for Plaintiff's arrest.

15. it is true that Defendant was convicted on October 3, 2019, of the offense of Indecent Assault without/Consent of Others, 18 Pa.C.S.A. Section 3126(a)(1), an offense covered by SORNA, following a Philadelphia County Municipal Court bench trial presided by the Honorable James DeLeon, who sentenced Plaintiff to one year reporting probation, case docketed at **Commonwealth v. Lee Lundy,** MC-51-CR-0024350-2019.

16. However, immediately following sentencing, Plaintiff filed a de novo appeal with the Philadelphia Court of Common Pleas, which vacated Plaintiff's conviction and judgment of sentence., case docketed at **Commonwealth v. Lee Lundy,** CP-51-CR-0007968-2019, which is scheduled for a jury trial on February 27, 2023 in Courtroom 905 at the Philadelphia Criminal Justice Center.

17. The Defendant, Philadelphia Police Officer Robert Bonds Jr., asan officer with the Philadelphia Specials Victim's Unit, knew that Plaintiff had appealed his conviction for Indecent Assault w/o Consent, which vacated his conviction, and was awaiting trial in

the Court of Common Pleas.

18. With a callous and reckless disregard of the knowledge that Plaintiff did not have a conviction covered by SORNA, Defendant Bonds arrested Plaintiff, without a scintilla of evidence supporting probable cause.

19. Clearly, recognizing the blatant false arrest and malicious prosecution of Plaintiff, the Philadelphia District Attorney's Office granted Defendant's Motion to Modify his Bail on October 24, 2022, then nolle prossed the case two days later, on October 26, 2022.

20. There was clearly no legal cause to justify the arrest and prosecution of Plaintiff for Failure to Comply with Registration of Sex Offender Requirements, (F2), Failure to Verify Address or Photograph as Required, (F2), and Failure to Provide Accurate Information, (F2), where at the time of his arrest Plaintiff had no convictions covered by SORNA and Defendant, Philadelphia Police Officer Robert Bonds Jr., of the Special Victims Unit, knew that Plaintiff did not have any conviction covered by SORNA.

21. To the extent that there was legal cause to support the arrest of Plaintiff, Defendant, Philadelphia Police Officer Robert Bonds Jr., of the Special Victim's Unit, failed to take reasonable steps to investigate and pursue information that would have indisputably negated any such legal cause.

22. At all times relevant to this Complaint, the conduct of Defendant, Philadelphia Police Officer Robert Bonds Jr. was in willful, reckless and callous disregard of Plaintiff's rights under federal and state law.

23. The deliberate indifference displayed by Defendant, Philadelphia Police Officer Robert Bonds Jr. in violating Plaintiff's constitutional right to not be arrested without probable cause, stemmed from the failure to Defendant, Philadelphia Police Commissioner, Danielle M. Outlaw, as the principal policymaker and implementer of practices, procedures and customs used by the Philadelphia Police Department, to provide adequate training of Philadelphia Police Officers.

24. As a direct and proximate result of the conduct of all defendants, Plaintiff suffered substantial damages, including physical and psychological harm, some or all of which may be permanent.

## CAUSES OF ACTION

### Count I

**(Civil Rights Action [42 U.S.C. Section 1983]) False Arrest against Defendant, Philadelphia Police Officer Robert Bonds Jr.**

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-24.

26. 42 U.S.C. Section 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

27. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. Section 1983, Defendant, Philadelphia Police Officer Robert Bonds Jr. was at all times relevant hereto, was acting under color of state law in his capacity as a Philadelphia Police Officer, on behalf of the City of Philadelphia, and his acts or omissions were conducted within the scope of his official duties or employment.

28. At the tie of the complained events, Plaintiff had the clearly established constitutional right to be free from detention, arrest and imprisonment without reasonable suspicion or probable cause under the Fourth Amendment and in violation of the due process under the Fourteenth Amendment.

29. Any reasonable Philadelphia Police Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time of the Plaintiff's arrest.

30. The Defendant, Philadelphia Police Officer Robert Bonds Jr. violated Defendant's Fourth and Fourteenth rights to be free from unreasonable detention, false arrest and false imprisonment without probable cause, when he callously, recklessly, and maliciously arrested Plaintiff for failing to register under SORNA, even though he knew that Plaintiff had no conviction for any crime covered by SORNA.

31. Defendant, Philadelphia Police Officer Robert Bonds Jr., engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's protected constitutional rights.

32. The Detention, arrest and imprisonment of Plaintiff was malicious, shocking, and objectively unreasonable, in view of the circumstances.

33. The acts or omissions of Defendant, Philadelphia Police Officer Robert Bonds Jr., was the moving force behind Plaintiff's injuries.

34. The acts or omissions of Defendant, Philadelphia Police Officer Robert Bonds Jr., described herein, intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

35. Defendant, Philadelphia Police Officer is not entitled to qualified immunity for the complained of conduct.

36. Plaintiff was subjected to humiliation, fear, pain and suffering by the illegal acts of Defendant, Philadelphia Police Officer Robert Bonds Jr., and suffered injuries as a result.

37. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. Section 1988, and all applicable law, and such additional relief as the Court deems just.

**Count II**

**( Civil Rights Action (42 U.S.C. Section 1983) False Imprisonment against Defendant, Philadelphia Police Officer Robert Bonds Jr. )**

38. Plaintiff re-alleges and incorporates by reference allegations contained in paragraphs 1 to 37.

39. Defendant, Philadelphia Police Officer Robert Bonds Jr. unlawfully detained Plaintiff for an unreasonable period of time after he knew or should have known that Plaintiff had

committed no crimes and therefore, did not have probable cause to detain Plaintiff.

40. Defendant, Philadelphia Police Officer was at this time performing his duty as a police officer.

41. During the relevant time Defendant, Philadelphia Officer Robert Bonds Jr., was acting under the rule of the statutes, ordinances, regulations, customs and usages of the City of Philadelphia, Commonwealth of Pennsylvania.

42. Defendant, Philadelphia Police Officer Robert Bonds Jr., engaged in the illegal conduct to the injury of Plaintiff and deprived him of the rights, privileges and immunities secured to him by the Fourth Amendment to the United States Constitution and the laws of the United States, which was in callous disregard of the constitutional rights of Plaintiff.

43. Plaintiff was subjected to humiliation and fear by the illegal act of Defendant, Philadelphia Police Officer Robert Bonds Jr. and suffered emotional injury as a result of Defendant Bond's actions.

44. False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciative length of time, however short.

45. Defendant, Philadelphia Police Officer Robert Bonds Jr. is not entitled to qualified immunity.

46. The conduct of Defendant, Philadelphia Robert Bonds Jr., amounts to oppression and punitive damages should be assessed against Defendant Bonds, for the purpose of punishment and for the sake of example.

47. As a result of Defendant, Robert Bonds Jr.'s actions, Plaintiff suffered damages in the amount to be proven at trial.

**Count III**

**(Civil Rights Action (42 U.S.C. Section 1983) Malicious Prosecution against Defendant, Philadelphia Police Officer Robert Bonds Jr.)**

48. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 47.

49. 42 U.S.C. Section 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state of territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress……

50. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. Section 1983.

51. Defendant, Philadelphia Police Officer Robert Bonds Jr., all times, relevant hereto, was acting under color of state law in his capacity as a Philadelphia police officer and his acts or omissions were conducted within the scope of his official duties or employment.

52. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

53. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

54. Defendant, Philadelphia Police Officer Robert Bonds Jr., violated Plaintiff's Fourth and Fourteenth Amendments rights to be free from malicious prosecution without probable cause and without due process when he knowingly swore out a false affidavit of probable cause and secured false charges against Plaintiff, resulting in his unlawful confinement and prosecution.

55. Defendant, Philadelphia Police Officer Robert Bonds Jr., intentionally and maliciously instituted a criminal proceeding for violations of SORNA reporting requirements without probable cause.

56. Defendant, Philadelphia Police Officer Robert Bonds Jr., engaged in the conduct described by the Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

57. The procurement of prosecution against Plaintiff by falsely averring that he had a criminal conviction covered by SORNA, but failed to report as required by the statute, was malicious, shocking, and objectively unreasonable in the light of the circumstances.

58. The criminal case against Plaintiff was dismissed, resulted in the termination of the charges in his favor, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

59. The acts or omissions of Defendant, Philadelphia Police Officer Robert Bonds Jr., was the moving force behind Plaintiff's injuries.

60. The acts or omissions of Defendant, Philadelphia Police Officer Robert Bonds Jr., described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

61. Defendant, Philadelphia Police Officer Robert Bonds Jr., is not entitled to qualified immunity.

62. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendant, Philadelphia Police Officer Robert Bonds Jr., and suffered injuries as a result of Defendant Bonds' actions.

63. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. Section1988, and all applicable law, and such additional relief as the Court deems just.

**Count IV**

**(Civil Rights Action (42 U.S.C. Section 1983) – Deliberately Indifferent Policies, Practices, Custos, Training and Supervision in violation of the Fourth and Fourteenth Amendments and in violation of 42 U.S. Section 1981 against Defendants, Philadelphia Police Commissioner Danielle M. Outlaw, and the City of Philadelphia)**

64. Plaintiff re-alleges an incorporates by reference the allegations contained in paragraphs 1-63.

65. 42 U.S.C. Section 1983 provides that:

> Every person, who under color of any statute ordinance, regulation, custom usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person withing the jurisdiction thereof to the deprivation of any

rights, privileges, or immunities secured by the constitution and law shall be liable to the party injured in action at law, suit in equity, or other appropriate proceeding for redress ...

66. Plaintiff in this action is a citizen of the United States and Defendant to this claim are persons for purposes of 42 U.S.C. Section 1983.

67. Defendants to this claim art all times were acting under color of state law.

68. Plaintiff had the following clearly established rights at the time of the complained of conduct.

    A. The right to be free from malicious prosecution under the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

69. Defendants, Philadelphia Police Commissioner Danielle M. Outlaw and City of Philadelphia knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

70. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

71. Defendants are not entitled to qualified immunity for the complained of conduct.

72. Defendant, Philadelphia Police Commissioner Danielle M. Outlaw, was at all times the policymaker for the Philadelphia Police Department and City of Philadelphia, and in that capacity established policies, procedures, customs, and or practices for the same.

73. Defendant, Philadelphia Police Commissioner Danielle M. Outlaw developed and maintained policies, procedures, customs, and/or practices, exhibiting deliberate

-12-

indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

74. Defendants, Philadelphia Commissioner Danielle M. Outlaw and the City of Philadelphia have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide-customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise in a manner, amounting to deliberate indifference to the constitutional rights of Plaintiff and the public.

75. In view of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

76. The deliberately indifferent training and supervision provided by Defendants, Philadelphia Police Commissioner Danielle M. Outlaw and City of Philadelphia, resulted in a conscious or deliberate choice to follow a course of action from among various alternatives to the aforementioned Defendants and were the moving forces in the constitutional and federal violations and injuries complained of by Plaintiff.

77. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered emotional injury and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

78. Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. Section 1983 to redress Defendants' described ongoing deliberate indifference in policies, practice, habits, customs, usages, training and supervision with respect to the rights described herein, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

**Count V**

79. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-78.

80. By engaging in the acts herein alleged, Defendant, Philadelphia Police Officer Robert Bonds Jr., engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

81. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional trauma suffered by Plaintiff.

82. The conduct of Defendants also amounts to oppression, fraud or a malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

**WHEREFORE**, Plaintiff respectfully requests

A. Compensatory damages as to all defendants;

B. Punitive damages as to Defendant, Philadelphia Police Officer Robert Bonds Jr.

C. Reasonable attorney's fees and costs as to all Defendants;

D. Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

Respectfully submitted:

  /s/ Earl Raynor
 Earl Raynor, Esquire
 PA Supreme Court I.D. No. 66849
 1800 JFK Boulevard
 3rd Floor, Box 103
 Philadelphia, PA 19103
 (2150254-0299
 earlraynor@yahoo.com

 Attorney for Plaintiff
 Lee Preston Lundy

-15-