IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE PRESTON LUNDY,<br>　　Plaintiff<br><br>　　v.<br><br>CITY OF PHILADELPHIA,<br>　　Defendant<br>　　&<br>PHILADELPHIA POLICE OFFICER<br>ROBERT BONDS JR.,<br>　　Defendant<br>　　&<br>PHILADELPHIA POLICE COMMISSIONER,<br>DANIELLE M. OUTLAW,<br>　　Defendant | CIVIL ACTION<br><br>NO: 2:23-CV-000807 |

**PLAINTIFF'S MOTION TO REOPEN DISCOVERY**

**TO THE HONORABLE JUDGES OF THE SAID COURT:**

The within Plaintiff's Motion to Re-open Discovery, on behalf of the Plaintiff, Lee Preston Lundy, by and through his attorney, Earl D. Raynor Jr., Esquire, respectfully represents the following:

1. On March 2, 2023, the Plaintiff, Lee Preston Lundy, filed a civil rights action brought under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, specifically brought under 42 U.S.C. Section 1983 and raising supplemental state law claims concerning the actions of Defendant, Philadelphia Police Officer Robert Bonds Jr., arresting the Plaintiff, Lee Preston Lundy and charging him with Megan's Law Failure to Register, 18 Pa.C.S.A. Section 4915(a)(1), Megan's Law Failure to Verify, 18

Pa.C.S.A. Section 4915(a)(2), and Megan's Law Failure to Provide, 18 Pa.C.S.A. Section 4915(a)(3) without probable cause.

2. Unfortunately, due to a heart attack sustained by the Defendant, Robert Bonds, discovery has been delayed for months.

3. The deadline for discovery was May 31, 2024.

4. Defendant Bonds was not available for his deposition until mid-June.

5. Defendant Bonds took his deposition on June 13, 2024, two weeks after the close of discovery.

6. During the Deposition, Defendant Bonds, disclosed that he had been the subject of an investigation for making a false report.

7. Plaintiff requested at the deposition that Defense preserve all records pertaining to the allegations of the false report as well as other internal affairs investigations of Defendant Bond.

8. A week later, Plaintiff submitted a request to produce all documents, pertaining to the false report allegations against Defendant.

9. The request of Plaintiff is narrow in scope, and the production of this physical evidence, in no way imposes a hardship or prejudice on Defendant, as these records are in the possession of the Defense.

10. The Defense has requested delays in discovery due to Defendant Bonds unavailability.

WHEREFORE, for the foregoing reasons, Plaintiff requests that discovery be reopened for a period of 60 days.

Respectfully submitted:

  /s/ Earl Raynor
Earl Raynor, Esquire
PA Supreme Court I.D. No. 66849
1800 JFK Boulevard
3rd Floor, Box 103
Philadelphia, PA 19103
(2150254-0299
earlraynor@yahoo.com

Attorney for Plaintiff
Lee Preston Lundy